Miguel ROSALES, Plaintiff—Appellee,

v.

CITY OF PHOENIX, a municipal corporation, Defendant,

and

Rick Salgado, husband; Mary Ellen Salgado, wife; Jose Leon Lopez, husband; Debbie Lopez, wife, Defendants—Appellants.

No. 99–17204.
D.C. No. CV–95–01225–DAE.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001.*

Decided Dec. 26, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

## ORDER

This case shall be resubmitted on December 19, 2001.

## MEMORANDUM **

City of Phoenix Police Officers Rick Salgado and Jose Lopez appeal the district court's order denying their motion for summary judgment in Miguel Rosales' action against them under 42 U.S.C. § 1983. We affirm.

We evaluate a defense of qualified immunity in excessive force claims under the two-step framework established in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). As a threshold matter, we must determine whether Rosales has demonstrated the deprivation of a constitutional right. *Id.* at 2156. If so, we then determine whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* Because we perform this analysis at the summary judgment stage, we must view the evidence in the light most favorable to Rosales. *Id.*

### I. Constitutional Right

■ Under the Fourth Amendment, officers may only use a degree of force that is "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The use of deadly force is only reasonable when used to prevent the escape of a fleeing felony suspect if "it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Under the facts as developed at this stage, Officers Salgado and Lopez used unjustifiable force when they shot Rosales in the back. By their own admission, the officers did not consider Rosales a fleeing felon as he approached them. And, for purposes of this appeal, they concede that Rosales never turned and aimed his gun at them once he passed by their position. Nor did they offer any evidence that they believed Rosales posed a significant or specified threat to others. *See Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir.2001) ("A desire to resolve quickly a potentially dangerous situation is not the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

type of governmental interest that, standing alone, justifies the use of force that may cause serious injury. There must be other significant circumstances that warrant the use of such a degree of force at the time it is used."). Thus, we find that Rosales has demonstrated a deprivation of his Fourth Amendment right to be free from unjustified deadly force.

## II. Reasonableness

We must still ask whether, in using excessive force, Salgado and Lopez were reasonably mistaken as to the legal constraints on their use of deadly force. *See Katz*, 121 S.Ct. at 2158 ("If the officer's mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense."). Again, the officers' own statements belie any reasonableness in their mistaken belief that shooting Rosales in the back was justified. Thus, we affirm the district court's denial of summary judgment and remand for further proceedings.

**AFFIRMED.**